**Francisco McGANN, Petitioner–Appellant,**

v.

**Jeanne S. WOODFORD, Director, California Department of Corrections; The Attorney General of the State of California, Respondents–Appellees.**

**No. 06–55319.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed April 24, 2007.

Allen Robert Bloom, Esq., Law Offices of Allen R. Bloom, San Diego, CA, for Petitioner–Appellant.

Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: CANBY and SILVERMAN, Circuit Judges, and LEIGHTON *, District Judge.

## MEMORANDUM **

Francisco McGann appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction over this appeal and we affirm.

The exclusion of Leonor McGann's testimony that McGann's cousin told her he was wearing the blood-spattered shirt did not violate McGann's due process right to present a defense. *See Tinsley v. Borg*, 895 F.2d 520, 530 (9th Cir.1990) (setting forth five factor balancing test). McGann admitted pulling out a knife and stabbing Salvador Rodriquez in the shoulder. The evidence was uncontradicted that Rodriquez was stabbed nine times, two times in the stomach, two times in the wrist, and five times in the back. This evidence is sufficient to allow a jury to find premeditation and deliberation.

For the same reason that the exclusion of Leonor McGann's testimony did not violate due process, the failure of McGann's trial counsel to present other evidence that McGann's cousin was wearing the blood-spattered shirt did not prejudice McGann. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The trial court's erroneous admission of gang evidence was not an error that "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

None of the state courts' rulings was contrary to or involved an unreasonable application of federal law as determined by the Supreme Court, nor did any ruling constitute an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d)(1) and (2).

**AFFIRMED.**